UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD STRICKLAND,

    Plaintiff,

v.                                            Case No. 1:08-CV-94

PATRICIA CARUSO,                     HON. GORDON J. QUIST

    Defendant.
_____/

# ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by Magistrate Judge Brenneman in this action on July 20, 2010. Having conducted a *de novo* review of those portions to which Plaintiff objects, the Court will adopt the Report and Recommendation in its entirety.

In his complaint, filed under 42 U.S.C. § 1983, Plaintiff alleges that his First Amendment and Due Process rights were violated when Defendant seized and destroyed a book sent to him through the mail. The book, "Redemption, 4th Ed. Manual: How to Become a Secured/Party Creditor," was destroyed in 2007 pursuant to a Michigan Department of Corrections (MDOC) policy directive that prohibited certain UCC-related materials, MICH. DEP'T OF CORR., Policy Directive 05.06.118, ¶ HH(23) (eff. Jan 1., 2006). The MDOC policy directives have since been amended and ¶ HH(23) omitted in light of *Jones v. Caruso*, 569 F.3d 258 (6th Cir. 2009), in which the Sixth Circuit upheld a preliminary injunction enjoining enforcement of that provision. The magistrate judge concluded that summary judgment was appropriate on three grounds: (1) mootness; (2) Eleventh Amendment immunity; and (3) qualified immunity. Plaintiff objects to all three conclusions.

The magistrate judge reasoned that, because Plaintiff is no longer incarcerated and, therefore, not subject to the MDOC policy directives regarding mail, Plaintiff's claim for injunctive relief is moot. Plaintiff asserts that his current status as a parolee does not change the fact that Defendant was bound by the preliminary injunction imposed by the Eastern District of Michigan in *Jones v. MDOC*, No. 05-cv-72817-DT, 2006 WL 2805643 (E.D. Mich. Sept. 28, 2006), willfully disobeyed it, and thereby, violated Plaintiff's First Amendment rights. The Court finds this objection to be without merit. A prisoner's claim for injunctive relief is mooted when he is no longer incarcerated. *See e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001) ("We note that Plaintiff also requested injunctive and declaratory relief in his complaint; however, because he is no longer incarcerated . . . , these prayers for relief are moot."); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."). Defendant is entitled to summary judgment as to Plaintiff's claims for injunctive relief.

In addition to injunctive relief, Plaintiff also seeks a "punishment award," for which he sued Defendant in both her individual and official capacity. The magistrate judge concluded that the claim against Defendant in her official capacity is barred by Eleventh Amendment immunity. Plaintiff argues that Defendant should not be granted immunity and protected by the courts where she willfully violated a preliminary injunction. The Court finds this argument insufficient. It is well-established that the Eleventh Amendment bars suits seeking monetary relief against state officials sued their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71, 109 S. Ct. 2304, 2309-12 (1989); *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003).

As to the claim for monetary damages against Defendant in her individual capacity, the magistrate judge concluded that she was protected by qualified immunity. Plaintiff objects, again arguing that Defendant willfully violated a preliminary injunction by enforcing ¶ HH(23), and

2

asserting that it does not matter whether Plaintiff's rights were "clearly established" because liability is clear. The Court disagrees. Qualified immunity protects government officials from suit under 42 U.S.C. § 1983 where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). "In order to be clearly established, a question must be decided either by the highest state court in the state where the case arose, by a United States Court of Appeals, or by the Supreme Court." *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988). At the time of Defendant's actions, there were no Supreme Court or Sixth Circuit decisions clearly establishing prisoners' rights to receive UCC-related materials in the mail. To the extent Plaintiff asserts that the District Court opinion issuing the preliminary injunction made such a right "clearly established," the Court disagrees. Indeed, several opinions issued after the preliminary injunction upheld the constitutionality of ¶ HH(23) or similar regulations. *See e.g.*, *Monroe v. Beard*, 536 F.3d 198, 208-09 (3d Cir. 2008); *Hudson v. Mich. Dep't of Corr.*, No. 2:08-cv-208, 2009 WL 56759, at *8 (W.D. Mich. Jan. 8, 2009). Defendant is entitled to summary judgment on Plaintiff's claims for monetary relief.

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (docket no. 29) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (docket no. 23) is **GRANTED**.

This case is closed.

Dated: September 29, 2010                            /s/ Gordon J. Quist
                                                                            GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE